PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES BROWN, ESQ., | ) |
|     Plaintiff, | ) CASE NO. 4:18CV2044 |
| v. | ) JUDGE BENITA Y. PEARSON |
| CORECIVIC, INC., *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 11] |

Pending before the Court is a Motion to Remand to State Court filed by Plaintiff Charles Brown, Esq. ECF No. 11. Defendants CoreCivic, Inc. ("CoreCivic"), Christopher LaRose, Patricia Metzler, Arlene Glass, Tina Gamble, Debra Cooper, Maureen Sanzenbacher, Steven Senich, Malary Thomas, Maria Moderalli, and Deborah Johnson ("Defendants") have responded.[1] ECF No. 13. Plaintiff replied. ECF No. 18. For the reasons that follow, the Court grants Plaintiff's motion to remand.

**I. Activity While Pending in State Court**

Plaintiff commenced suit against Defendants in the Cuyahoga County Court of Common Pleas on June 25, 2018. ECF No. 1-1. On June 28, 2018, Plaintiff served CT Corporation with

---

[1] The case was removed by the defendants whom had been served by August 7, 2018. *See* Notice of Removal. ECF No. 1 at PageID #: 1. Defendants Brenda Brady, Renee Sferra, and Andrea Fry had not been served by that date and did not participate in the removal. *Id*. Brady, Sferra, and Fry were, however, included in Defendants' July 25, 2018 Motion to Dismiss or, in the Alternative, Motion for Change of Venue under Ohio Civ.R. 12(B)(3). ECF No. 1-3.

(4:18CV2044)

copies of summonses and complaints in an attempt to perfect service on all of the named defendants. ECF No. 13 at PageID #: 268. Defendants assert that CT Corporation is CoreCivic's registered agent in Ohio, but is not authorized to accept service on behalf of the individual Defendants. *Id.* Defendants also allege that CT Corporation informed Plaintiff *via* letters dated July 23-24, 2018 that it is not the registered agent for the individual Defendants. *Id.*

On July 25, 2018, all Defendants, including those who did not participate in the removal, filed a Motion to Dismiss or, in the Alternative, Motion for Change of Venue under Ohio Civ.R. 12(B)(3) ("Motion to Dismiss"). ECF No. 1-3. The parties fully briefed the motion. ECF No. 11 at PageID #: 224.

On July 31, 2018, Plaintiff served its first set of interrogatories, requests for production, and requests for admission on Defendant CoreCivic via email. ECF No. 13 at PageID #: 268. Plaintiff concurrently asked whether counsel for Defendants would agree to accept service on behalf of the individual Defendants. *Id.* at PageID #: 268-69. On August 7, 2018, Defendants' counsel informed Plaintiff that he was authorized to accept service on behalf of Defendants LaRose, Glass, Gamble, Cooper, Sanzenbacher, Senich, Thomas, Moderalli, Johnson, and Metzler. *Id.* at PageID #: 269. The remaining individual Defendants would need to be served personally.[2] *Id.*

On August 28, 2018, while Defendants' Motion to Dismiss was pending, Defendant CoreCivic served its responses to Plaintiff's discovery requests and filed a Notice of Service of

---

[2] Defendant Brenda Brady was served on October 3, 2018. ECF No. 10. The summonses sent to Defendants Renee Sferra and Andrea Fry by certified mail were returned unexecuted.

2

(4:18CV2044)

Discovery. ECF No. 1-2. On August 31, 2018, the Cuyahoga Court of Common Pleas denied Defendants' Motion to Dismiss in its entirety. ECF No. 11 at PageID # 224. On September 5, 2018, the state court held a pretrial conference, at which the parties discussed the status of discovery with counsel and scheduled a telephonic status conference for December 5, 2018. *Id.* at PageID #: 225.

On September 6, 2018, Defendants removed the action based on federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). ECF No. 1. Plaintiff filed his Motion for Remand on October 5, 2018. ECF No. 11. In his Motion for Remand, Plaintiff argues that Defendants waived their right of removal and that Defendants' Notice of Removal was untimely. *Id.*[3]

## II. Legal Standard

The party seeking removal to federal court bears the burden of proving that all of the requirements of removal have been met. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). That burden attaches to any issue of federal jurisdiction, as well as any issue of procedure regarding removal. *Parker v. Brown*, 570 F. Supp. 640, 642-43 (S.D. Ohio 1983). Procedural defects include the untimely filing of the notice of removal and waiver of the right to removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Zeigler v. Beers*, 412 F. Supp. 2d 746, 749-50 (N.D. Ohio 2005) (Gwin, J.).

---

[3] Plaintiff reserves the right to challenge the Court's subject matter jurisdiction under 28 U.S.C. § 1442(a)(1). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). Because the matter is remanded due to procedural defects in removal, the Court does not determine whether subject matter jurisdiction is proper under 28 U.S.C. § 1442(a)(1).

3

(4:18CV2044)

The right of removal is determined by review of a plaintiff's pleading at the time of the petition for removal. *Ramski v. Sears, Roebuck, & Co.*, 656 F.Supp. 963, 965 (N.D. Ohio 1987). "A court may, however, look at subsequent pleadings and proceedings in a case . . . to the extent that they 'shed light on the facts as they existed at the outset of the litigation and on the actual interests of the parties.'" *Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp. 2d 1020, 1024 (N.D. Ohio 2010) (citing *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 n.3 (7th Cir. 1981)). Section 1442 is to be broadly construed in favor of removal. *Bennett v. MIS Corp.*, 607 F.3d 1084-85 (6th Cir. 2010); citing *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969).[4]

### III. Analysis

Plaintiff asserts that remand is necessary for two independent reasons. First, Plaintiff contends that Defendants waived their right of removal. Plaintiff claims that, by filing a motion under Ohio Civ.R. 12(B)(3), participating in discovery, and participating in the case management conference, Defendants took substantial action in state court that manifests a willingness to litigate on the merits. Additionally, Plaintiff claims that Defendants waived service of process on July 25, 2018, by filing their Motion to Dismiss. Plaintiff argues that Defendants were required

---

[4] It may be worth noting that the majority in *Mays v. City of Flint, Mich.*, 871 F.3d 437 (6th Cir. 2017), a FORS case, recounted that "all doubts [in the pleadings] should be resolved against removal." *Mays*, 871 F.3d at 442. That standard, however, appears only to be relevant when the motion to remand is a "facial attack on the court's jurisdiction" under FORS. *Id.* The dissent in *Mays* retorts that the removing defendants' allegations should be read in the light most favorable to them, and that any doubts should be resolved in their favor. *Mays*, 871 F.3d at 454 (McKeague, J., dissenting). Because remand in the case before the Court is appropriate for procedural reasons, rather than jurisdictional reasons, and because neither party disputes a material fact, the rule espoused in *Mays* is not applicable.

4

(4:18CV2044)

to file a notice of removal within 30 days of July 25, 2018, rather than August 7, 2018, the date service was perfected on the removing individual Defendants. *See* ECF No. 1 at PageID #: 1.

Defendants argue that they did not waive their right of removal. They contend that their actions were defensive in nature and not intended to resolve any of the pending claims. Defendants also claim that, because their Notice of Removal was filed within 30 days of service on the individual Defendants, removal was timely.

Notice of removal of a civil action or proceeding based on procedural defects must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998). A defendant's time for removal begins to run by (1) simultaneous service of the summons and complaint, (2) receipt of the complaint, through service or otherwise, after and apart from service of the summons, or (3) by waiver of service. *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Zeigler*, 412 F. Supp. 2d at 750. Failure to comply with the thirty-day limitation acts as an absolute bar to removal, regardless of whether the removal would have been proper if timely. *Groesbeck Invs. Inc. v. Smith*, 224 F. Supp. 2d 1144, 1148 (E.D. Mich. 2002).

As a threshold matter, Ohio state law expressly provides that failure to assert insufficiency of service of process, insufficiency of process, lack of personal jurisdiction, or improper venue in a motion under Ohio Civ.R. 12 acts as a waiver. Ohio Civ.R. 12(H)(1). A party who makes a motion under Ohio Civ.R. 12 *must* join with it the other motions provided for in the rule and then available to the party. Ohio Civ.R. 12(G); *see, e.g.*, *Holm v. Smilowitz*, 615

5

(4:18CV2044)

N.E.2d 1047, 1062 (Ohio 1992) (appellant's failure to raise the defenses of insufficient service and lack of personal jurisdiction in her Ohio Civ.R. 12 motion constituted waiver). Otherwise, the party is barred from thereafter raising all issues it failed to address in the Ohio Civ.R. 12 motion. Ohio Civ.R. 12(G); *see Holm*, 615 N.E.2d at 1062.

Defendants' motion filed under Ohio Civ.R. 12(B) (in state court on July 25, 2018) raised improper venue, but did *not* raise insufficiency of service of process, insufficiency of process, or lack of personal jurisdiction. ECF No. 1-3. Defendants contend that any waiver due to failure to assert those affirmative defenses would only lie against Defendant CoreCivic, Inc., and not against the individual Defendants, who had yet to be served. ECF No. 13 at PageID #: 274. Defendants allege that, at the time of filing their Motion to Dismiss, Plaintiff had five months to perfect service on the individual Defendants. *Id.* Accordingly, Defendants assert that "the defenses were not available to the individual [removing] Defendants" because, as of July 25, 2018, they had not been served, and the time for service had not yet expired. *Id.*

Defendants' argument is not well-taken. Defendants are not required to wait until the expiry of Plaintiff's time to perfect service before raising the defense of insufficient service of process. *See Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 870 N.E.2d 714, 715 (Ohio 2007) (defendants properly raised affirmative defense of insufficient service of process three months after Plaintiff filed suit, well before the expiry of Plaintiff's time to perfect service under Ohio Civ.R. 4(E)). If the individual Defendants had wanted to challenge the sufficiency of service of process, they should have done so at the time of filing Defendants' Motion to Dismiss.

6

(4:18CV2044)

Defendants could have taken one of several actions to avoid waiving the defense of insufficient service of process. Defendants could have concurrently objected to venue, personal jurisdiction, sufficiency of service of process, and sufficiency of process in bringing their Motion to Dismiss. Ohio Civ.R. 12(G). Defendant CoreCivic, alone, could have challenged improper venue. *Varketta v. General Motors Corp.*, 295 N.E.2d 219, 224 (Ohio 1973) (no need for all defendants in a multi-defendant suit to join a motion objecting to improper venue under Ohio Civ.R. 12(B)(3)). The improperly served Defendants could have chosen not to appear at all. *Murphy Bros*, 526 U.S. at 347 ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). Finally, Defendants could have filed an answer affirmatively raising the defense of insufficient service of process, preserving the right to subsequently raise the issue. *Hubiak v. Ohio Family Practice Ctr.*, 15 N.E.3d 1238 (Ohio 2014); citing *Gliozzo*, 870 N.E.2d at 717.

*Zeigler* is instructive. In *Zeigler*, Treasurer of Stark County Gary Zeigler filed suit in a foreclosure action seeking taxes accrued on the property. *Zeigler*, 412 F. Supp. 2d at 747. The complaint named twelve defendants, including the United States. Zeigler improperly served the United States by sending a copy of the summons and complaint by certified mail. *Id.*; *see* 28 U.S.C. § 2410(b) (a plaintiff, under this section, must serve the United States Attorney in person and the Attorney General by certified mail). The United States answered but did not assert the defense of insufficient service of process. *Zeigler*, 412 F. Supp. 2d at 748. Over one year later, the United States filed a notice of removal. *Id.* at 749. The United States argued that the notice of removal was timely because Zeigler never perfected service on the United States. *Id.*

7

(4:18CV2044)

The district court rejected this argument, noting that "[t]he United States could have challenged such service for insufficiency of service of process, but it did not raise the affirmative defense in its responsive pleading, or in any of its subsequent proceedings." *Id.* at 750. "Because the United States waived the defense of insufficiency of service of process, the Court holds the that the United States['] notice of removal was untimely." *Id.* Accordingly, the court ruled that remand was proper. *Id.*

Similarly, the individual Defendants chose to appear in the instant action. Despite now claiming service of process was never perfected, Defendants failed to object to the sufficiency of service of process by motion or pleading. Rather, by filing their Motion to Dismiss without challenging service of process, the defendants that had not been properly served waived service. The time to file a notice of removal began to run on July 25, 2018, and expired 30 days later, on August 24, 2018. The Notice of Removal was filed on September 6, 2018, 13 days late.

Finally, Plaintiff's actions in continuing to attempt service after Defendants filed their Motion to Dismiss have no bearing on the outcome. Plaintiff's belief as to whether Defendants waived service is irrelevant. At issue is whether Defendants waived their right to object to the sufficiency of service of process on July 25, 2018 by filing their Motion to Dismiss. Because the Court answers in the affirmative, Defendants were required to file a notice of removal by August 24, 2018. Their failure to do so is an absolute bar to removal.

Because Defendants' notice of removal was untimely, and because remand is proper, the Court abstains from ruling on the merits of Plaintiff's argument that Defendants waived their right to remove the case.

8

(4:18CV2044)

## IV.  Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion to Remand.  The case is remanded to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

  November 9, 2018  　　　　　　　　　　　　　　 /s/ Benita Y. Pearson  
Date　　　　　　　　　　　　　　　　　　　　　Benita Y. Pearson  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge